IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| William A. Neal, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| Accounts Receivable Management, Inc., ) | |
| a New Jersey corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, William A. Neal, Jr., brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3.    Plaintiff, William A. Neal, Jr. ("Neal"), is a citizen of the State of Illinois, residing in the Central District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to HSBC Card Services.

4.    Defendant, Accounts Receivable Management, Inc. ("ARM"), is a New Jersey corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA,

because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Central District of Illinois. In fact, ARM was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. Mr. Neal is an elderly, disabled man who fell behind on paying his bills. One such debt he was unable to pay was a debt he owed to HSBC Card Services ("HSBC"). In the Spring of 2006, Mr. Neal sought the assistance of legal aid attorneys at the Legal Advocates for Seniors and People with Disabilities ("LASPD"), regarding his financial difficulties.

6. Accordingly, when ARM sent Mr. Neal an initial form collection letter, dated October 20, 2006, demanding payment of the debt he owed to HSBC, Mr. Neal sent that letter to his attorneys to handle for him. A copy of this letter is attached as Exhibit A.

7. On November 14, 2006, an LASPD attorney sent Defendant ARM a letter, via first class U.S. Mail, advising ARM that Mr. Neal was represented by counsel and requesting that, based upon Mr. Neal's financial difficulties, ARM cease further collection activities. A copy of this letter is attached as Exhibit B.

8. Nonetheless, Defendant ARM sent another collection letter, dated December 11, 2006, directly to Mr. Neal, demanding payment of the debt owed to HSBC. This collection letter is attached as Exhibit C.

9. All of the collection actions at issue occurred within one year of the date of this Complaint.

10. Defendant ARM's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

11. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

12. Defendant knew that Mr. Neal was represented by counsel in connection with this debt because Mr. Neal and one of Mr. Neal's attorneys had notified ARM that Mr. Neal was represented by counsel and requested that it cease its collection activities against Mr. Neal. By directly sending Mr. Neal a collection letter (Exhibit C), despite notice that he was represented by counsel in connection with this debt, Defendant ARM violated § 1692c(a)(2) of the FDCPA.

13. Defendant's violation of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff William A. Neal, Jr., prays that this Court:

1. Declare that Defendant's debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiff Neal, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, William A. Neal, Jr., demands trial by jury.

              William A. Neal, Jr.,

              By: /s/ David J. Philipps
              One of Plaintiff's Attorneys

Dated:  April 3, 2007

David J. Philipps
Bonnie C. Dragotto
Gomolinski & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)